**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20597
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BARON VERADELL PINSON,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-96-CR-201-1

December 2, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

After a trial by jury, Baron Veradell Pinson was convicted of conspiracy to possess with the

intent to distribute cocaine base and possession with the intent to distribute over five grams of cocaine

base. Pinson was sentenced to 360 months in prison. He now appeals his conviction, asserting five

assignments of error. First, Pinson contends the trial judge erred in denying his motion to strike a

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

juror for cause. Second, Pinson contends that there was insufficient evidence to convict him of conspiracy. Third, Pinson contends that there was insufficient evidence to convict him of the substantive offense. Fourth, Pinson contends the trial judge erred in allowing an undercover officer to give expert testimony regarding crack cocaine. Finally, Pinson contends that the trial judge erred in admitting the "hearsay" statements of a coconspirator. Finding these arguments to be without merit, we affirm.

Pinson's first contention is that the district court erred by denying his motion to strike juror No. 21 for cause. Pinson contends that voir dire revealed this juror to be biased against any potential testimony from the defendant's relatives. This court reviews a trial judge's findings of juror impartiality for a "manifest abuse of discretion".[2] In this case juror No. 21 stated that in evaluating the testimony of the witnesses, "I think I can determine credibility."[3] When further asked if she could set aside any bias and decide solely based on the evidence, she responded "Certainly."[4] On the basis of the juror's responses, we find no manifest abuse of discretion in denying the motion to strike for cause.

Pinson's second and third assignments of error each deal with sufficiency of the evidence, and this court will address them together. In reviewing the assignment, this court views the evidence in the light most favorable to the verdict, and determines whether any rational jury could have found the defendant guilty.[5] At trial, government witnesses Charles Parish and Carey Palm testified that they

---

[2] United States v. Munoz, 15 F.3d 395, 397 (5th Cir. 1994).

[3] Record, vol. 8, p.70.

[4] Id. at 72.

[5] Jackson v. Virginia, 443 U.S. 307 (1979).

2

had received crack cocaine from Pinson for the purposes of resale. Palm also testified that he had observed Pinson cooking powder cocaine to transform it into crack. Officer Sharon Pouncy testified that, while working in an undercover capacity, she had personally observed Pinson giving crack cocaine to Parish to sell to her. Viewing this testimony in the light most favorable to the verdict, a rational jury could convict Pinson of both the conspiracy and the substantive offense.

Pinson's fourth contention is that the district judge erred in allowing Officer Pouncy to testify as an expert on the differences between powder cocaine and crack cocaine. "A district court's ruling on the admissibility of expert testimony is reviewed under the manifest error standard of review. We are required to sustain the court's decision unless it was manifestly erroneous."[6] The indictment alleged offenses involving cocaine base, or "crack". Expert testimony on the differences between powder cocaine and crack cocaine would therefore "assist the trier of fact to understand the evidence."[7] The district court did not err in allowing the expert testimony.

Pinson's final contention is that the district court erred in admitting the "hearsay" testimony of a coconspirator. At trial, Pinson objected on hearsay grounds. On appeal, Pinson contends that the government had not produced sufficient evidence a conspiracy existed to admit statements of a coconspirator. As well as defining "hearsay," the Federal Rules of Evidence identify certain forms of testimony which are, by definition, not hearsay. Among these is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."[8] As the objection raised at trial was for hearsay, and the argument on appeal is there was no preliminary showing of conspiracy, we

---

[6] United States v. Moore, 997 F.2d 55, 57 (5th Cir. 1993).

[7] Federal Rule of Evidence 702.

[8] Federal Rule of Evidence 801 (d)(2)(E).

3

review for plain error.[9] Pinson contends that, as the coconspirator was the first witness called, the government had not made a preliminary showing that a conspiracy existed. At the close of evidence, however, the district judge denied the defendant's motion for judgment of acquittal. This denial acts as an implicit finding that the government had shown the existence of a conspiracy. Whether this determination is made before or after the admission of the statement in question is a matter commited to the broad discretion of the trial court.[10] As the court determined a conspiracy existed, even if such determination was made after the admission of the statement, there is no error.

AFFIRMED.

---

[9] United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997).

[10] United States v. Fragoso, 978 F.2d 896, 900 (5th Cir. 1992).